CHILT CARNES v. THE STATE.

No. 8733. Delivered April 8, 1925.

Rehearing Denied October 14, 1925.

1.—Burglary—Jury—Voir Dire Examination.

Where on a trial for burglary on his voir dire examination of the jury appellant was not permitted to ask each juror the question, "Knowing this defendant, would you be opposed to giving him the benefit of the suspended sentence law," setting forth no question of their willingness to be governed by the law and the testimony, the propounding of such a question to a jury panel should not be allowed.

2.—Same—Irresistible Impulse—Not Recognized as Defense.

There was no error in the trial court refusing to permit a witness for appellant, a doctor, to testify that though appellant might know right from wrong, he would have no resistive power under the circumstances set forth

101 Tex. Crim.—18.

O

in the bill. This state does not recognize the doctrine of irresistible impulse, and many authorities might be referred to sustaining this proposition.

3.—Same—Argument of Counsel—Bill of Exceptions—Incomplete.

Where complaint is made of the argument of counsel, and the bill of exception presenting the matter does not disclose that the matter complained of was not pertinent to evidence brought out on the trial, it cannot be considered. A bill of exception must be complete within itself.

4.—Same—Bill of Exception—Harmless Error.

Where appellant in a bill of exception complains of a question propounded to appellant while testifying in his own behalf, to which a negative answer was given, the matter presents no error.

5.—Same—Evidence—Cross-Examination—Held, Proper.

Where on direct examination appellant had stated to the jury, that if they would recommend a suspended sentence he would thereafter conduct himself properly, it was not error to permit the state on cross-examination to ask him, if he had not made similar promises before, which he had not kept. The bill fails to disclose the answer of the witness to this question.

6.—Same—Evidence—Impeaching Defendant—Held, Proper.

Where appellant testifies as a witness in his own be half, it has long been the rule, that proof of his having been legally charged with, or convicted of, an offense, such as theft, would be admissible as affecting his credibility as a witness.

Appeal from the District Court of Brown county. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction of burglary. Penalty, two years in the state penitentiary.

The opinion states the case.

*J. C. Harris, C. L. McCartney, Jr.* and *Mark McGee,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Brown county of burglary, and his punishment fixed at two years in the penitentiary.

The facts sufficiently show the burglary by appellant of a garage from which a casing was taken by him. There are six bills of exception. The first complains of the refusal to allow appellant to propound to the entire jury panel the following question: "Knowing this defendant would you be opposed to giving him the benefit of the suspended sentence law?" The bill recites that the State objected, the ground of the objection not being set forth, and that the objection was sustained. The bill is entirely devoid of any show-

ing of the fact that appellant was known to the panel or any of them; and it may be that the objection was sustained because of this unwarranted assumption. The question was manifestly improper as it appears in the bill. Unless the facts and circumstances justified the jury under their oaths in granting a suspended sentence, it would be erroneous for them to extend such clemency. Setting forth no question of their willingness to be governed by the law and testimony, the propounding of such a question to a jury panel should not be allowed. No facts or circumstances are set forth in the bill justifying the question.

The second bill of exceptions complains of the court's action in sustaining the State's objection to the testimony of a doctor, the effect of which would be that notwithstanding appellant might know right from wrong, he would have no resistive powers under the circumstances set forth in the bill. This State does not recognize the doctrine of irresistible impulse, and many authorities might be referred to sustaining this proposition.

The third bill of exceptions complains of statements said to have been made by the district attorney in his opening speech to the jury. As far as we are informed by the allegations of the bill the matters therein set forth may have been pertinent to evidence and issues brought out on the trial. A bill of exceptions must be complete within itself. The bill gives us no information but that appellant may have admitted on the trial that he was both a thief and bootlegger, under appropriate cross-examination.

Bill No. 4 appears not open to the objection made. Appellant was asking for a suspended sentence at the hands of the jury, and was asked if he had not come to the district attorney and asked him to let him off in another matter, and if he had not promised with tears in his eyes that he would not do it any more. The bill of exceptions shows that to the question propounded by the State's attorney appellant returned a negative answer. The matter presents no error.

The fifth bill of exceptions shows that while appellant was testifying as a witness in his own behalf he stated that in the event the jury convicted him, if they would recommend a suspension of sentence he would thereafter conduct himself properly. We believe it no transgression of fair rules for the State's attorney on cross-examination to ask him if he had not made similar promises before which he had not kept. The bill fails to disclose the answer of the witness, if any, to this question.

The remaining bill of exceptions presents complaint of proof of the fact that appellant had theretofore been charged and convicted of theft. Theft is an offense involving moral turpitude. Appellant was not only asking the benefit of a suspended sentence, but was a witness in his own behalf. Proof of his having been legally charged

with or convicted of an offense such as theft would be admissible as affecting his credibility as a witness.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, Judge.—Appellant's motion argues again the matter set up in the first and third bills of exception. The allegations of each of said bills are as stated in our original opinion, and are not sufficient to show within themselves any error, and the motion is overruled.

*Overruled.*